**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCEL LAMAR JACKSON,

Petitioner - Appellant,

v.

RONALD J. CHAMPION, sued as
Ron Champion,

Respondent - Appellee.

No. 98-5164

(N.D. Oklahoma)

(D.C. No. CV-97-398-K)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Marcel Jackson seeks a certificate of appealability to challenge the district court's order dismissing his 28 U.S.C. § 2254 petition as untimely. Because Jackson has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), we deny the certificate.

Jackson's Oklahoma convictions became final on appeal on October 5, 1994. Jackson sought state post-conviction relief, which was denied; this denial was affirmed on appeal on December 19, 1995. He filed the present petition on April 24, 1997. After the district court dismissed the petition as untimely pursuant to 28 U.S.C. § 2244(d), Jackson filed a "Combined Motion to Alter or Amend Judgment and Motion for Certificate of Appealability," which the district court construed as a motion to reconsider, and which it then denied.

Largely for the reasons set out in the district court's orders, R. Vol. I, Tabs 12 & 16, we agree that the petition is untimely under § 2244(d) and the rule of United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), and Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998).

We note that Jackson claims he is actually innocent of the crimes for which he is incarcerated. Although Jackson presented this claim to the district court, the court did not address it specifically, and therefore we do so here. We have intimated that actual innocence may be grounds for equitable tolling of the § 2244(d)(1) limitations period. See Miller, 141 F.3d at 978. However, we have

also emphasized that prisoners must diligently pursue their claims in order to avail themselves of equitable tolling.   See id.  Because Jackson had from December 19, 1995, until April 23, 1997, to file his petition and gives no reason for his delay, we conclude that Jackson has not been diligent in pursuing his claims, and we decline to apply equitable tolling.

Accordingly, we DENY the certificate of appealability and DISMISS the petition.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge