**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

LEONARDO BANUELOS-MUNOZ,

     Defendant - Appellant.

No. 98-3308
(D.C. No. 98-CV-3318-RDR)
(D.Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Banuelos-Munoz, an inmate appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. We deny a certificate of appealability and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

## Background

Mr. Banuelos-Munoz pled guilty to a federal count of conspiracy to possess with intent to distribute marijuana and was sentenced to a ninety-seven-month term of imprisonment. The judgment of conviction and sentence was filed on November 2, 1994, and Mr. Banuelos-Munoz did not appeal. On September 28, 1998, Mr. Banuelos-Munoz filed a petition for relief from his conviction under the All Writs Act, 28 U.S.C. § 1651, or Fed. R. Civ. P. 60(b)(4). In support of his petition, he made numerous claims of ineffective assistance of counsel, including the failure to file a direct appeal. The district court held that § 2255 provides the exclusive remedy for testing the validity of a conviction and sentence, and that the one-year limitations period for filing a § 2255 motion had expired on April 24, 1997. The court then dismissed Mr. Banuelos-Munoz' petition as untimely.

Mr. Banuelos-Munoz filed an objection to the district court's final order, see Fed. R. Civ. P. 59(e), claiming that he complied with the one-year period of limitations according to § 2255(2) & (4). He alleges that, beginning in 1995, he wrote numerous letters without reply to both his attorney and the district court requesting a transcript or information related to the proper fee for a transcript. He argues that the "impediment" to his filing a § 2255 motion was removed on January 15, 1998, when the district court judge responded to one of his letters. The district court denied Mr. Banuelos-Munoz' objections, finding that the lack

of a transcript did not prevent Mr. Banuelos-Munoz from filing a timely § 2255 motion and that the government did not act improperly in failing to provide him with a transcript.

## Discussion

Section 2255 provides that a one-year limitations period to file a motion shall run from the latest of four enumerated dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Banuelos-Munoz argues that the failure of his attorney and the district court to provide information about obtaining transcripts constitutes governmental action in violation of 28 U.S.C. § 753(f), which authorizes a court reporter to charge and collect fees for transcripts requested by parties. Mr. Banuelos-Munoz denies that he requested a free transcript under § 753(f), and asserts that he simply wanted to know the amount of the estimated fee so that he could prepay.

Although Mr. Banuelos-Munoz faced obstacles in attempting to obtain a transcript, we are unable to say that governmental action (or inaction) prevented him from filing a § 2255 motion, or that the facts supporting his claims were dependent on the transcript. As the district court found, a transcript was not necessary for him to claim that his counsel failed to file an appeal upon his request; that his guilty plea was involuntary or made without knowledge of the consequences; or that the government violated the plea agreement.

In addition, although we recognize that extraordinary circumstances may provide a basis for equitable tolling of the limitations period, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), any delay in receiving transcripts in this case does not constitute an extraordinary circumstance given the nature of the claims. We conclude that Mr. Banuelos-Munoz' motion is time-barred, and that, because he has failed to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2), we DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge