F I L E D
United States Court of Appeals
Tenth Circuit

AUG 14 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD R. FREEMAN,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden, Mack
Alford C. C., Stringtown, OK; STATE
OF OKLAHOMA,

      Respondents-Appellees.

No. 00-5062
(N. District of Oklahoma)
(D.C. No. 99-CV-584-H)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Harold Freeman's request for a certificate of appealability ("COA"). Freeman seeks a COA so that he can appeal the district court's dismissal with prejudice of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order denying relief in a § 2254 proceeding unless the petitioner first obtains a COA). This court **denies** Freeman's request for a COA and **dismisses** the appeal.

The district court dismissed Freeman's § 2254 petition on the ground that it was filed outside the one-year period of limitations set out in 28 U.S.C. § 2244(d). In so doing, the district court rejected Freeman's claim that inadequacies in the Oklahoma Department of Corrections system for providing inmates access to legal materials, assuming such claimed inadequacies existed, constituted a state-created impediment to the filing of the § 2254 petition. *See id.* § 2244(d)(1)(B). According to the district court, Freeman had completely failed to demonstrate that he was prevented from pursuing his § 2254 claims as a result of the alleged restrictions. The district court further noted that delays in obtaining transcripts of Freeman's trial, when such delays were attributed solely to privately retained state post-conviction counsel, did not amount to a state-created impediment to the timely filing of a § 2254 petition. *Cf. Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an

attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). In addition, because the record clearly demonstrated that Freeman had not diligently pursued his claims, the district court concluded that he was not entitled to have the limitations period equitably tolled. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (noting that to be entitled to equitable tolling a petitioner must demonstrate the existence of extraordinary circumstances over which he had no control and that conclusory allegations of lack of access to legal materials do not satisfy that exacting standard). Finally, the district court held that the application of § 2244(d)'s limitations period to Freeman's petition, in light of the facts of this particular case, did not operate as an unconstitutional suspension of the Great Writ.

Freeman is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Freeman can make such a showing by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000) (quotations omitted). Upon review of the entire record in this case, we conclude, for substantially those reasons set out in the district court order of

March 9, 2000, that Freeman cannot make the necessary showing. Because Freeman has not made a substantial showing of the denial of a constitutional right, he is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(2). Accordingly, this court **DENIES** Freeman's request for a COA and **DISMISSES** the appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge