**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAMUEL BARNES,

      Petitioner-Appellant,

v.

GLYNN BOOHER,

      Respondent-Appellee.

No. 00-7066
(E. District of Oklahoma)
(D.C. No. 99-CV-403-S)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Samuel Barnes, proceeding *pro se* and *in forma pauperis*,[1] seeks a certificate of appealability ("COA") so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1) (providing that a COA is a necessary predicate to any appeal from a final order in a § 2254 proceeding). Because Barnes has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Barnes was convicted in Oklahoma state court in 1993 on charges of unlawful possession of marijuana with intent to distribute. Barnes did not perfect a direct appeal. Nevertheless, because of Barnes' poor health and overcrowding in the Oklahoma prison system, his sentence was deferred until his health improved. Barnes eventually had heart bypass surgery and stopped reporting his medical condition as required by the terms of his sentence deferral. Accordingly, Oklahoma authorities detained Barnes and he began serving his ten-year term of incarceration in July of 1998. According to Barnes, it was not until after he was eventually incarcerated, approximately five years after his conviction became final, that he "discovered" that his attorney had not perfected a direct appeal.

---

[1]Barnes has submitted to this court, attached to his *pro se* brief, an application to proceed *in forma pauperis* on appeal. After the brief with attached application was filed, however, the district court granted Barnes' motion to proceed *in forma pauperis* on appeal. Accordingly, Barnes' application to this court to proceed *in forma pauperis* on appeal is **dismissed** as moot.

Barnes therefore filed an application for post-conviction relief in state court on November 2, 1998, requesting an out-of-time appeal. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of Barnes' state petition in an unpublished order, concluding that it was Barnes himself, rather than Barnes' counsel, who was at fault for failing to perfect a direct appeal. In particular, the OCCA concluded that Barnes had sufficient income to pay counsel and had been specifically "advised at the time of sentencing of his right to appeal and his right to court appointed counsel and publicly provided transcripts, yet . . . made no application for either." Furthermore, the OCCA concluded that Barnes "was negligent in failing to communicate with his attorney, pay his attorney, pay for a transcript on appeal or take any other steps to attempt to perfect his appeal."

After he was unsuccessful in seeking a direct appeal out-of-time in state court, Barnes filed the instant § 2254 habeas petition. After setting out the relevant time line, the district court concluded that Barnes' § 2254 petition was not timely filed. The district court noted that because Barnes' conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), he had until April 24, 1997 to file his § 2254 petition. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court."); *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)

(holding that when a conviction became final before the effective date of the AEDPA, a petitioner has "one year after the enactment of the AEDPA" to file a § 2254 petition). Barnes' § 2254 petition was filed far outside of the one-year period. Furthermore, because Barnes' state petition for post-conviction relief was not filed until § 2244(d)'s limitations period had already expired, that petition did not serve to toll the limitations period under § 2244(d)(2). Finally, although recognizing that the limitations period set out in § 2244(d)(1) was subject to equitable tolling, *see Miller*, 141 F.3d at 978, the district court concluded that Barnes was not entitled to equitable tolling because he had not diligently pursued his claim. As noted by the district court, Barnes was free from incarceration during the entire time the limitations period was running, making it significantly easier for Barnes to access the resources necessary to timely file a petition. As noted by the OCCA in denying Barnes' state petition for post-conviction relief, Barnes had the wherewithal to monitor his legal proceedings during the relevant periods but simply neglected to do so.

Barnes is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). This showing requires a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). Upon review of Barnes' appellate contentions, the

district court's order, and the entire record on appeal, this court concludes that the district court's conclusion that Barnes is not entitled to equitable tolling because of his lack of diligence is not reasonably debatable.  Accordingly, we **DENY** Barnes' request for a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge