**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEREMY FITTS,

        Petitioner-Appellant,

        v.

JOE R. WILLIAMS, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 00-2175

D.N.M.

(D.C. No. CIV-00-47-BB/LFG)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

---

    Mr. Fitts pleaded guilty to armed robbery and attempted murder and was sentenced to 24 years' incarceration.  Mr. Fitts did not appeal this conviction, but he filed two motions for reconsideration of his sentence and a habeas petition in

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

state court, all of which were denied by the state district court. The New Mexico Supreme Court subsequently denied certiorari to his state habeas petition.

Mr. Fitts filed a petition for habeas relief under 28 U.S.C. § 2254 in federal district court on January 10, 2000. The district court denied his petition as untimely and subsequently denied his application for a certificate of appealability. Proceeding pro se, he now appeals the dismissal of his petition, and requests a certificate of appealability.

The date of the judgment of Mr. Fitts' conviction was February 5, 1998. The magistrate judge's report and recommendation, which the district court adopted, and the government's brief in support of its motion to dismiss state that, for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA), Mr. Fitts's conviction became final on May 6, 1998. We disagree.

The magistrate judge included the ninety day period during which Mr. Fitts might file a writ of certiorari with the United States Supreme Court in his tolling calculus, based on 28 U.S.C. §2244(d)(1)(A), which states that the one-year the statute of limitations for filing a § 2254 petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The magistrate judge also referred to Rule 13 of the Rules of the Supreme Court: "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort" may

be filed within ninety days from the date of the entry of judgment." See Rec. doc. 13 at 2. Here, Mr. Fitts did not seek direct review and therefore no state court of last resort ruled on his appeal. We hold that Mr. Fitts' judgment became final for purposes of AEDPA on March 6, 1998, which is the last date Mr. Fitts might have filed a direct appeal of his conviction.

Pursuant to AEDPA, the statute of limitations for the filing of Mr. Fitts' § 2254 petition would have expired March 6, 1999, not including any suspension of the statute of limitations during the time Mr. Fitts sought state post-conviction relief. The magistrate judge suspended the statute of limitations for 164 days while Mr. Fitts' state post-conviction proceedings were pending, which meant that Mr. Fitts' § 2254 petition should have been filed no later than September 4, 1999.

Mr. Fitts did not file this action until January 10, 2000, and thus we agree with the magistrate judge's ultimate conclusion that his petition was untimely. Further, the magistrate found the equitable tolling provision of § 2242(d)(2) was not implicated. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (recognizing equitable tolling in limited circumstances).

We have thoroughly reviewed Mr. Fitts's application for a certificate of appealability, his brief, the magistrate judge's report and recommendation, the district court's order, and the entire record before us. We hold that Mr. Fitts has "failed to make a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), required to obtain a certificate of appealability.

Accordingly, we DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge