**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ISAAC MCBRIDE,

      Petitioner-Appellant,

v.

JOHN GRUBBS, Warden,

      Respondent-Appellee.

No. 00-6257

W.D. Okla.

(D.C. No. 00-CV-524M)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BALDOCK** , and **LUCERO** , Circuit Judges. **

      Isaac McBride, a state prisoner proceeding pro se, appeals the district

court's denial of his application for a certificate of appealability pursuant to 28

U.S.C. § 2253(c)(1)(A).  Mr. McBride was convicted by an Oklahoma state court

---

   * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

   ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of larceny of merchandise from a retailer after former conviction of a felony, and he was sentenced to twenty years' imprisonment.  In his habeas petition, Mr. McBride alleged that he received ineffective assistance of trial and appellate counsel, that the trial court erred in allowing the jury to rehear the testimony of two witnesses on audiotape, and that the trial court imposed an excessive sentence.  The magistrate judge determined that Mr. McBride's application was untimely.  The district court adopted the magistrate judge's report and recommendation in its entirety, dismissed Mr. McBride's petition for habeas corpus, and subsequently denied his application for a certificate of appealability and his motion to proceed in forma pauperis.   Before us is a renewed application for a certificate of appealability and a renewed motion to proceed in forma pauperis.

Mr. McBride's sentence became final on July 2, 1998, at which point the one-year period of limitation for filing an application for a writ of habeas corpus began to run.   See 28 U.S.C. § 2244(d)(1).  The magistrate judge determined that Mr. McBride did not file his application for post-conviction relief in state court until July 15, 1999, thirteen days after his petition for relief was due in federal court.  Because Mr. McBride's application for state post-conviction relief was not filed within AEDPA's one-year time limit, the magistrate judge correctly determined that the tolling provisions of § 2244(d)(2) were not implicated.  Mr.

McBride's federal habeas petition was filed on March 16, 2000, more than eight months after the one-year period had expired.

We agree with the conclusions of the district court. We also note that Mr. McBride's brief, which we construe liberally pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) (per curiam), suggests no basis for equitable tolling, because he has not demonstrated any extraordinary way in which he has been prevented from asserting his rights. <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998) (suggesting equitable tolling of limitation period when delay is encountered due to circumstances over which inmate had no control and inmate diligently pursues claims).

We have thoroughly reviewed the record on appeal, Mr. McBride's brief, the magistrate judge's report and recommendation, and the district court's order. We deny Mr. McBride's application for a certificate of appealability for substantially the reasons set forth in the magistrate judge's report and recommendation. Accordingly, we DENY his renewed motion to proceed in forma pauperis, DENY his request for a certificate of appealability and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge