**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LONNIE LEE ANDERSON,

      Petitioner-Appellant,

v.

VANCE EVERETT, Warden of the
Wyoming State Penitentiary, and the
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

      Respondents-Appellees.

No. 99-8093
(D.C. No. 98-CV-179-D)
(D. Wyo)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Petitioner-Appellant Lonnie Lee Anderson ("Anderson") appeals the

district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas

corpus. Anderson pleaded guilty to two counts of second degree sexual assault on

July 7, 1995 and was sentenced on October 17, 1995 to a period of not less than

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

20 years, nor more than twenty-five years in the Wyoming State Penitentiary, with two days served off the minimum and maximum terms. Anderson, proceeding pro se, argues (1) ineffective assistance of counsel for failure to notify him of his right to appeal, (2) violations of his Fifth Amendment rights prior to his guilty plea, and (3) prosecutorial misconduct and coercion allegedly made prior to his guilty plea. In the district court, the state of Wyoming moved to dismiss the petition as time-barred. The district court subsequently dismissed the petition as untimely and therefore barred by AEDPA's statute of limitations. Anderson now applies to this court for a certificate of appealability and asks us to address the merits of his petition.[1]

After reviewing Anderson's application for a certificate of appealability, his brief, and the record, we conclude that the district court correctly determined that the petition is time-barred. Anderson was sentenced on October 17, 1995, and failed to appeal, therefore his conviction became final upon the expiration of 30 days. See Wyo. R. App. P. 2.01(a). Because his conviction was clearly final before April 24, 1996, Anderson had until April 23, 1997 to file a habeas petition pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d); Hoggro v. Boone, 150

---

[1] Although the district court did not act on the issue of a certificate of appealability, the certificate of appealability is deemed denied by the district court pursuant to this court's General Order of October 1, 1996. See Tenth Circuit Emergency General Order of October 1, 1996.

F.3d 1223, 1225 (10th Cir. 1998). Anderson, however, filed his petition for a writ

of habeas corpus on July 10, 1998, more than a year after his time to file expired.

Although the one-year period can be tolled while a petitioner pursues state post-

conviction relief, these tolling provisions will not apply when a petitioner does

not pursue such relief until after the one year period has expired. See Allen v.

State of Oklahoma, No. 99-6033, 1999 WL 492804, at * 1 (10th Cir. July 13,

1999) (refusing to toll the one-year period while Petitioner pursued state post-

conviction relief when he did not seek such relief until four months after the one-

year period of limitation had expired). Thus, because Anderson did not pursue

state post-conviction relief until October 2, 1997, over five months after the one-

year period of limitations had expired, his application for state post-conviction

relief did not toll the one-year limitations period.

Furthermore, Anderson has failed to set forth any legitimate basis for

equitably tolling the running of the limitations period. We have previously stated

that a petitioner must diligently pursue his claim before we will apply equitable

tolling. Miller v Marr, 141 F.3d 976, 978 (10th Cir. 1998). Anderson has offered

no explanation for the untimely filing of his petition for writ of habeas. We

therefore agree with the district court that Anderson's petition is untimely, and

conclude that the district court properly refused to address the merits of

Anderson's habeas corpus petition. Accordingly, we deny Anderson's application

for a certificate of appealability.  Moreover, because we find that Anderson's appeal is frivolous and fails to present a substantial question, we deny his motion to proceed In Forma Pauperis.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge