**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN H. TAREPEN,

      Petitioner - Appellant,

v.

DEBBIE MAHAFFEY,

      Respondent - Appellee.

No. 00-7074
(D.C. No. 00-CV-74-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

John H. Tarepen, appearing pro se, seeks a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his petition for a writ of habeas corpus. The district court dismissed Tarepen's petition because he failed to file a response to respondent's motion to dismiss in a timely manner and also because his petition was time-barred by 28 U.S.C. § 2244(d). Because we conclude that Tarepen has

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

not "made a substantial showing of the denial of a constitutional right," we decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

A jury convicted Tarepen of two counts of first degree rape and the trial court sentenced him to consecutive terms of life imprisonment. On February 7, 1990 the Oklahoma Court of Criminal Appeals affirmed his conviction.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), including the provision subjecting 28 U.S.C. § 2255 motions to a one-year statute of limitations, became effective on April 24, 1996.

On April 9, 1998 Tarepen's request for post-conviction relief was denied by the District Court for Muskogee County, Oklahoma. His appeal from the denial of post-conviction relief was denied by the Oklahoma Court of Criminal Appeals on October 15, 1998. Almost three years after the one-year statute of limitations had run on his ability to petition for habeas relief, on February 9, 2000 Tarepen filed his habeas corpus petition.

Tarepen argues that the district court erred in granting respondent's motion to dismiss. Respondent filed a motion to dismiss and Tarepen failed to respond to the motion in a timely manner as required by Eastern District of Oklahoma Local Rule 7.1. Tarepen asserts that because he is acting pro se and without the assistance of trained counsel he was entitled to notice of the consequences of failing to respond to the motion. Furthermore, he argues that Local Rule 7.1 fails to give adequate notice of the consequences of a failure to respond.

We need not address Tarepen's argument that his status as a pro se litigant requires special notice of the consequences of failing to file a response to a motion to dismiss because he can not overcome the fact that his petition is time-barred by 28 U.S.C. § 2244(d).

Citing Bounds v. Smith, 430 U.S. 817 (1977), Tarepen attempts to get around his failure to meet the statute of limitations by arguing that he was not provided with adequate access to the courts. His argument is essentially one for equitable tolling of the limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (recognizing that the § 2244(d) limitation may be subject to equitable tolling). He argues that respondent failed to put him on notice of his one-year deadline to file his habeas petition. He states that the prison law library was inadequate because it provided only the 1994 editions of the United States Code Annotated and that the volumes were not accompanied by the appropriate pocket parts, nor were the inmates informed of the existence of pocket parts. Finally, Tarepen attaches the affidavit of Melton Pietrowski, law clerk at the facility where he is held. Pietrowski attests that although the prison had copies of 28 U.S.C. § 2244(d) and the appropriate updates to the United States Code, such copies were kept in the library office and were not generally available to the prison population, nor was their existence public knowledge.

We reject Tarepen's argument that the statute of limitations should be equitably tolled. Although the library situation which Tarepen and Pietrowski describe is far from

laudable, equitable tolling is appropriate only in exceptional circumstances, and an inmate is required to diligently pursue his claims in order to avail himself of tolling. See Miller, 141 F.3d at 978. In support of his appeal, Tarepen paints a picture of the prison's failure to make information available to him. Tarepen fails, however, to provide necessary evidence of his own diligent pursuit of his claims that was prevented in some exceptional way. In fact, Tarepen includes the facility law clerk's affidavit in which the clerk states his knowledge of the AEDPA and his knowledge that it was not widely available to the inmates; Tarepen does not, however, assert that he ever sought the law clerk's assistance or that he was prevented from so doing. Furthermore, neither Tarepen nor Pietrowski asserts that the appropriate pocket parts were unavailable to an inmate who diligently sought out their existence.

We see no grounds for the exercise of our equitable power to toll the AEDPA limitations period in this case. The application for a certificate of appealability is DENIED. This matter is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge