**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JEFFERY DWAYNE HOLLIE,

Petitioner-Appellant,

v.

GLYNN BOOHER, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 00-6269
(W.D. Okla.)
(D.Ct. No. 00-CV-563-R)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Jeffery Dwayne Hollie appeals the district court's decision denying his 28 U.S.C. § 2254 petition. We deny Mr. Hollie's request for a certificate of appealability and dismiss the appeal.

In his § 2254 petition, Mr. Hollie sought habeas corpus relief from his state conviction for "child stealing" in which he received an eighteen-month suspended sentence. The district court assigned the matter to a magistrate judge who issued a Report and Recommendation, determining Mr. Hollie fully discharged his sentence for that conviction and therefore, failed to meet the "in custody" requirement for habeas corpus jurisdiction.

Nevertheless, in liberally construing Mr. Hollie's petition and to avoid automatic dismissal for lack of jurisdiction, the magistrate judge construed Mr. Hollie's petition as challenging his current incarceration for writing bogus checks as improperly enhanced by his child stealing conviction. After examining the procedural history of Mr. Hollie's state actions and the timing for filing his petition, the magistrate judge determined Mr. Hollie's federal petition "was filed well beyond the expiration of the one-year limitation period," even if Mr. Hollie's

state actions were applied for the purpose of tolling the limitation period.[1]  The magistrate judge further concluded equitable tolling was not applicable because Mr. Hollie had "neither asserted that he is innocent of the crime for which he was convicted ... [*i.e.*, the bogus check conviction] or that he was, or is, incompetent." The magistrate judge further found Mr. Hollie had not "alleged or set forth any 'extraordinary circumstances' outside his control that made it impossible for him to file his petition on time" or that he diligently pursued his federal habeas claim. For these reasons, the magistrate judge recommended denying Mr. Hollie's petition as untimely filed.  After reviewing Mr. Hollie's objections thereto, the district court adopted the Report and Recommendation in its entirety and denied Mr. Hollie's petition.

On appeal, Mr. Hollie asserts "extraordinary circumstances" existed for the untimely filing of his petition, but in support of this assertion, simply argues the merits of his child stealing case.  Furthermore, for the first time on appeal, Mr. Hollie states he is innocent of child stealing.

---

[1]  The magistrate judge determined that even if Mr. Hollie's state motion to vacate judgment and sentence was considered, it would only toll the limitation period for one day because the state judge denied the motion on the same day Mr. Hollie filed it.

We review the legal basis for the district court's dismissal of Mr. Hollie's § 2254 petition *de novo*. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1453 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). We have held that the statute of limitation contained in 28 U.S.C. § 2244(d) is not jurisdictional and may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his federal petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998). In addition, we recognize the "ends of justice" require us to entertain habeas petitions "where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). However, in order to make such a showing, the prisoner must provide evidentiary proof. *Id.* In other words, Mr. Hollie must identify evidence affirmatively demonstrating his innocence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In this case, even if we considered Mr. Hollie's innocence claim for the first time on appeal, he has done nothing more than make repetitive and conclusory statements of his innocence which are simply insufficient to make a colorable showing of factual innocence. As to any extraordinary circumstances

which might excuse Mr. Hollie's untimely filing of his federal petition, he has presented none, including no showing that he diligently pursued his claims.

In order for this court to grant a certificate of appealability, Mr. Hollie must make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, as it did here, without reaching the underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is clearly not debatable whether the district court made the correct procedural ruling.

Accordingly, for the reasons stated herein, and for substantially the same reasons set forth in the district court's July 19, 2000 Order, and the magistrate

judge's June 27, 2000 Report and Recommendation, we deny Mr. Hollie's request for a certificate of appealability and **DISMISS** his appeal. We also deny Mr. Hollie's request to proceed *in forma pauperis* on appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge