**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 25 2005**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

LARRY FRANCIS DURDEN,

    Petitioner-Appellant,

v.

MICHAEL ADDISON, Warden,

    Respondent-Appellee.

No. 04-7085
(Eastern District of Oklahoma)
(D.C. No. 03-CV-600-S)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, state prisoner Larry Francis Durden seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). In November 2001, Durden entered a guilty plea to a charge of lewd molestation. Durden did not attempt to withdraw his guilty plea or otherwise directly appeal his conviction. He did, however, file a state post-conviction petition on March 22, 2004, seeking an appeal out of time. The state petition was denied, as was Durden's appeal.

Durden filed the instant § 2254 petition on October 29, 2003. In the petition, Durden asserted claims against the parent of the victim, a claim that his counsel provided him with constitutionally ineffective assistance, a claim that his guilty plea was not made knowingly and voluntarily, and a claim that records from a prior California conviction are either erroneous or have been altered. Respondent moved to dismiss the § 2254 as untimely. The district court granted Respondent's motion, concluding that Durden's petition was filed outside the one-year limitations period and that Durden was not entitled to any tolling of the limitations period.

In his appellate brief and application for a COA, Durden does not argue that his § 2254 petition was filed within the one-year limitations period. 28 U.S.C. § 2244(d)(1)(A). Instead, he argues that the one-year limitations period is unconstitutional. After reviewing the record, we reject Durden's argument that applying the limitations period in this case rendered the habeas remedy inadequate or ineffective. *See Miller v. Marr*, 141 F.3 976, 978 (10th Cir. 1998).

To be entitled to a COA, Durden must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable

whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).  Our review of the record demonstrates that the district court's dismissal of Durden's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal.  Accordingly, we **deny** Durden's request for a COA and **dismiss** this appeal.  All outstanding motions are **dismissed** as moot.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
Deputy Clerk