**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CURTIS CULVERT SPRIGGS,

        Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

        Respondent-Appellee.

No. 06-6241

W.D. Oklahoma

(D.C. No. 06-CV-359-T)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Oklahoma state prisoner Curtis Spriggs seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). In 2003, Spriggs pleaded guilty to first degree rape by instrumentation, assault with intent to commit rape, burglary in the first degree, aggravated assault and battery, sexual battery, and indecent exposure. Because Spriggs did not attempt to withdraw his guilty plea, his convictions became final on July 25, 2003. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001).

Spriggs filed the instant § 2254 petition on April 4, 2006, raising two ineffective assistance of counsel claims. Spriggs' petition was referred to a magistrate judge who ordered Spriggs to show cause as to why the petition should not be dismissed as untimely. *See* 28 U.S.C. § 2244(d)(1). Spriggs responded to the show cause order, asserting first that the one-year limitations period did not begin to run on the date the judgment of conviction became final. According to Spriggs, Oklahoma's ten-day time limit on the withdrawal of a guilty plea prevented him from discovering his ineffective assistance of counsel claims and, thus, the one-year period did not begin to run until this alleged state impediment was removed and he was then able to discover the factual predicate of the claims. *See* 28 U.S.C. §§ 2241(d)(1)(B), (D). Alternatively, Spriggs argued he was entitled to statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(2); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). The district court rejected Spriggs' arguments, concluding he failed to provide support for his position Oklahoma's ten-day limit constituted an impediment to the filing of his § 2254 petition and, in any event, failed to articulate any reason justifying the two-year delay in discovering the factual basis of the ineffective assistance claims. The court also concluded Spriggs was not entitled to equitable tolling and could not benefit from statutory tolling because his application for state post-conviction relief was filed after the one-year limitations period had already expired. *See Fisher*, 262 F.3d at 1142-43.

In his application for a COA and accompanying brief, Spriggs concedes his § 2254 petition was not filed within the one-year limitations period set out in 28 U.S.C. § 2244(d)(1)(A). He then re-asserts the arguments he presented to the district court. To be entitled to a COA, Spriggs must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates the district court's dismissal of Spriggs' § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal.

This court **denies** Spriggs' request for a COA and **dismisses** this appeal. Spriggs' motion to proceed *in forma pauperis* on appeal is granted.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
Deputy Clerk
