FILED
United States Court of Appeals
Tenth Circuit

July 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JOHNNY JONES,

      Petitioner - Appellant,

v.

MICHAEL K. ADDISON, Warden,

      Respondent - Appellee.

No. 10-6059
(D.C. No. 5:09-CV-01231-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant James Johnny Jones, an Oklahoma state inmate

proceeding pro se, seeks a certificate of appealability ("COA") allowing him to

appeal the district court's treatment of his hybrid 28 U.S.C. §§ 2241 and 2254

habeas petition: the court denied the § 2241 petition and dismissed the § 2254

petition.  Mr. Jones fails to make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  Therefore, we deny his request for

a COA, and dismiss the appeal.

Mr. Jones's federal habeas petition arises from his state application to

pursue an out-of-time appeal. R. 10-11.[*] According to Mr. Jones, his state application claimed that he could not pursue post-conviction relief in a timely fashion because prescription medication incapacitated him for nearly seven years. Id. at 11-12. The state district court denied Mr. Jones's application, and sanctioned him 720 earned good time credits for filing a frivolous claim. Id. at 4, 19. The Oklahoma Court of Criminal Appeals affirmed. Id. at 19. The federal magistrate judge understood Mr. Jones's habeas petition as challenging both the denial of the state application and the sanction, and treated it as both a § 2241 petition challenging the execution of his sentence and a § 2254 challenge to his conviction. Id. at 20, 23-25. The magistrate recommended the denial of the § 2241 petition, finding a reasonable basis for the sanction, and the dismissal of the § 2254 petition, deeming it time-barred. Id. at 22-25. The district court adopted the magistrate's report, denied the § 2241 petition, and dismissed the § 2254 petition. Id. at 33-34.

For the most part, Mr. Jones's COA application and appellate brief present substantive challenges to his conviction which were missing from his habeas petition. COA Application 2-3. Generally, we do not review issues presented for the first time on appeal, and Mr. Jones gives us no reason to do so here. See Fairchild v. Workman, 579 F.3d 1134, 1144 (10th Cir. 2009).

---

[*] Mr. Jones has supplied neither his state court application nor the order disposing of it. Therefore, we rely on his representations.

Mr. Jones's application presents one issue appropriate for our review: he argues that his § 2254 petition was not subject to dismissal as a second or successive petition. COA Application 3. A COA should not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Although the magistrate labeled Mr. Jones's petition "successive," R. 24, the district court dismissed it as time barred, id. at 34. The magistrate judge's reasoning was sound: Mr. Jones's previous habeas petition was time barred when it was filed more than seven years ago. His current petition is still time barred, unless he can show extraordinary circumstances for equitable tolling. Holland v. Florida, — S. Ct. —, 2010 WL 2346549, at *12 (June 14, 2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Finding Mr. Jones's alleged mental incapacity to be "clearly without merit," the magistrate judge found his petition ineligible for equitable tolling. R. 24-25. In light of his frequent litigation since the statute of limitations began running, a reasonable jurist would not debate that Mr. Jones's claim is time barred and ineligible for equitable tolling.

We DENY a COA, DENY appellant's motion seeking leave to proceed *in forma pauperis* as moot, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.

Circuit Judge