**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARNOLD ZALER,

Defendant-Appellant.

No. 13-1343
(D.C. Nos. 1:12-CV-02925-RM and
1:08-CR-00089-RM-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

After Arnold Zaler pleaded guilty to one count of mail fraud, one count of wire fraud, and two counts of bank fraud, the district court sentenced him to 15 years for each offense, the sentences to run concurrently. Mr. Zaler first challenged his sentence on direct appeal. *United States v. Zaler*, 405 F. App'x 301 (10th Cir. 2010). After that effort proved unsuccessful, Mr. Zaler sought to challenge his sentence again, this time by means of a motion under 28 U.S.C. § 2255. In his § 2255 motion Mr. Zaler alleged that the sentencing judge bore

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

biases against him, so the sentencing judge recused and a new judge was appointed to the case. Ultimately, the new judge dismissed Mr. Zaler's § 2255 motion as untimely and declined to issue a certificate of appealability.

Mr. Zaler now renews his request for a certificate of appealability. By statute, however, we may issue that certificate only if Mr. Zaler first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And he can do that only by showing that reasonable jurists could debate (or agree on) a different resolution of the habeas petition or the merit of further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

That much we are not able to say in this case. By statute, Mr. Zaler's § 2255 motion was due within one year after his conviction became final. *See* 28 U.S.C. § 2255(f). Mr. Zaler's conviction became final in March 2011, when his time to file a petition for a writ of certiorari to the Supreme Court expired. Yet Mr. Zaler did not file his § 2255 motion until November 2012, more than 19 months later. Plainly, his motion was untimely.

To be sure, a litigant may seek to invoke equitable tolling doctrine to delay the passing of the statutory limitations period. But to do so successfully, the litigant generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" preventing timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

2

Mr. Zaler has not borne either burden in this case. As the newly appointed district judge noted when ruling on Mr. Zaler's § 2255 motion, the putative evidence of sentencing bias Mr. Zaler cites was known to Mr. Zaler by the time his conviction became final. Yet Mr. Zaler does not identify any "specific[] . . . steps he took" to pursue those known claims during the one-year limitations period. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Neither does he identify any extraordinary circumstances that prevented him from filing within the prescribed period. In these circumstances, we are unable to find any room to debate the district court's assessment that Mr. Zaler cannot successfully invoke equitable tolling.

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge