FILED
United States Court of Appeals
Tenth Circuit

July 21, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DOUGLAS LLOYD MICCO,

Petitioner - Appellant,

v.

FRANCIS FALK; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 15-1029
(D.C. No. 1:14-CV-02367-LTB)
(D. Colorado)

ORDER DENYING CERTIFICATE
OF APPEALABILITY

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

Petitioner, Douglas L. Micco, a Colorado state prisoner proceeding *pro se*,

seeks a certificate of appealability ("COA") so he can appeal the district court's

dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254.  *See*

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA).  Micco's

request to proceed before this court *in forma pauperis* is **granted**.

Micco's state conviction for sexual assault became final on July 14, 2008.

At the time he filed his federal habeas petition on August 26, 2014, the one-year

limitations period set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA") had already expired. *See* 28 U.S.C. § 2244(d) (setting forth a statute of limitations for § 2254 petitions). Respondents moved to dismiss the petition as time barred.

The district court concluded that Micco's § 2254 petition was filed outside the one-year limitations period established by the AEDPA. Because the one-year limitations period expired before Micco filed his state post-conviction petition, he was not eligible for statutory tolling. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). The court also concluded Micco failed to identify any circumstances that would support equitable tolling of the limitations period. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, the court dismissed the § 2254 petition as untimely.

To be entitled to a COA, Micco must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

After reviewing Micco's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court, we conclude Micco is not entitled to a COA. The district court did not miscalculate the one-year period and the record provides full support for the court's conclusion that Micco failed to demonstrate entitlement to equitable tolling. Because the district court's resolution of Micco's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal, Micco has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Micco's request for a COA and **dismisses** this appeal. All outstanding motions are **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge