**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARENCE SHEDWOOD BRANCH,

Petitioner - Appellant,

v.

SCOTT CROWTHER,

Respondent - Appellee.

No. 17-4133
(D.C. No. 2:16-CV-00011-DAK)
(D. Utah)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **MATHESON**, **KELLY**, and **MURPHY**, Circuit Judges.

This matter is before the court on Clarence Shedwood Branch's pro se

request for a certificate of appealability ("COA"). Branch seeks a COA so he can

appeal the district court's dismissal, on timeliness grounds, of his 28 U.S.C.

§ 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may

be taken from "a final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court" without first

obtaining a COA); *id.* § 2244(d)(1) (setting out a one-year statute of limitations

on § 2254 petitions running from the date on which the conviction became final).

Because Branch has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Branch was charged in Utah state court in three separate cases between September 7, 2004, and November 10, 2004. These three cases stemmed from different incidents with different victims; all included violence or sexual assault. On November 10, 2005, Branch pleaded guilty in a global plea deal for an overall reduction in charges across the three cases. He pleaded guilty to one count of aggravated assault, a third degree felony; one count of aggravated sexual assault, a first degree felony; and one count of attempted rape, a second degree felony. Branch did not move to withdraw his guilty pleas and, on December 22, 2005, he was sentenced to zero to five years in the aggravated assault case, one to fifteen years in the attempted rape case, and fifteen years to life in the aggravated sexual assault case. The state trial court ordered that the sentence would run consecutively. Branch never filed a direct appeal.

Branch filed the instant § 2254 habeas petition on January 4, 2016. In response to a motion to dismiss, the district court determined Branch's petition was untimely. In particular, the district court noted as follows: (1) judgment entered when Branch was sentenced in state court on December 22, 2005; (2) Branch's conviction became final on January 21, 2006, when he declined to file a direct appeal; (3) the one-year limitations period set out in § 2244(d)(1) expired on January 21, 2007; and (4) Branch's § 2254 petition was, thus, filed nine years

too late. The district court concluded Branch was not entitled to statutory tolling because Branch's state-court petition for post-conviction relief was filed on March 12, 2013, long after the limitations period had already expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Finally, the district court concluded that Branch was not entitled to equitable tolling. In particular, the district court noted that none of the various excuses advanced by Branch overcame his gross failure to diligently pursue his federal habeas claims. As to Branch's claim of actual innocence, the district court noted that the evidence Branch advanced in support of that claim was neither "new" nor plausible. *See Schlup v. Delo*, 513 U.S. 298, 324-29 (1995).

The granting of a COA is a jurisdictional prerequisite to Branch's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable

whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Branch has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Branch need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay on this standard, we review for abuse of discretion the district court's decision that Branch is not entitled to have the limitations period set out in § 2244(d)(1) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Branch's appellate filings, the district court's Order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack*, we conclude Branch is not entitled to a COA. The district court's resolution of Branch's § 2254 motion is not deserving of further proceedings or subject to a different resolution on appeal. We do, however, note that Branch's assertion that application of the § 2244(d)(1) limitations period to his habeas petition amounts to a suspension of the writ is wholly frivolous given the weakness of his underlying merits claims and his lack of diligence in seeking to vindicate his federal rights. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, this court **DENIES** Branch's

request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge