FILED
United States Court of Appeals
Tenth Circuit

August 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LESLIE WOOTON, II,

        Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

        Respondent - Appellee.

No. 18-5023
(D.C. No. 4:17-CV-00202-TCK-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

Petitioner, Richard Leslie Wooton, an Oklahoma state prisoner proceeding *pro se* and *in forma pauperis*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

Wooton's state conviction for possession of child pornography became final on February 3, 2012. Even with statutory tolling, at the time Wooton filed his federal habeas petition on December 2, 2016, the one-year limitations period set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired. *See* 28 U.S.C. § 2244(d) (setting forth a statute of limitations for § 2254 petitions). Respondent moved to dismiss the petition as time barred.

The district court concluded that Wooton's § 2254 petition was filed outside the one-year limitations period established by the AEDPA. The court also concluded Wooton was not entitled to a new limitations period under 28 U.S.C. § 2244(d)(1)(B) or (d)(1)(D) and that he failed to identify any circumstances that would support equitable tolling of the limitations period. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, the court dismissed the § 2254 petition as untimely.

To be entitled to a COA, Wooton must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district

court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

After reviewing Wooton's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court, we conclude Wooton is not entitled to a COA. Any reasonable jurist would regard Wooton's § 2254 petition as untimely and the record fully supports the district court's conclusion that Wooton failed to demonstrate entitlement to equitable tolling. Because the district court's resolution of Wooton's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal, Wooton has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Wooton's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-