FILED
United States Court of Appeals
Tenth Circuit

March 29, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY ALLEN ANDERSON,

Petitioner - Appellant,

v.

DAN SCHNURR; ATTORNEY
GENERAL OF KANSAS,

Respondents - Appellees.

No. 18-3217
(D.C. No. 5:17-CV-03068-SAC)
(D. Kansas)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HOLMES**, **MURPHY,** and **CARSON**, Circuit Judges.

Petitioner, Gregory Allen Anderson, a Kansas state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Anderson's request to proceed *in forma pauperis* in this matter is **granted**.

Anderson's state convictions for rape and solicitation to commit aggravated intimidation of a witness became final on October 26, 2010. Even though Anderson qualified for statutory tolling, at the time he filed his federal habeas petition on April 19, 2017, the one-year limitations period set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired. *See* 28 U.S.C. § 2244(d) (setting forth a statute of limitations for § 2254 petitions).

The district court agreed with Respondents that Anderson's § 2254 petition was filed outside the one-year limitations period established by the AEDPA and he was not entitled to a new limitations period under 28 U.S.C. § 2244(d)(1)(D) because the factual predicate of the claim raised in his § 2254 petition was known to him before his conviction became final. The district court also concluded that Anderson failed to identify any circumstances that would support equitable tolling of the limitations period. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, the court concluded the § 2254 petition was untimely.

To be entitled to a COA, Anderson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the

-2-

district court's procedural ruling was correct).  This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion.  *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

After reviewing Anderson's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court, we conclude Anderson is not entitled to a COA.  Any reasonable jurist would regard Anderson's § 2254 petition as untimely and the record fully supports the district court's conclusion that Anderson failed to demonstrate entitlement to equitable tolling.  Because the district court's resolution of Anderson's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal, Anderson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).

This court **denies** Anderson's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-