**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DALE A. SHELTON,

      Petitioner - Appellant,

v.

UNKNOWN WARDEN, at Davis
Facility,

      Respondent - Appellee.

No. 01-6219
(D.C. No. 01-CV-236-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Petitioner-Appellant Dale Austin Shelton, an inmate appearing pro se, seeks

a certificate of appealability ("COA") allowing him to appeal the district court's

order denying relief on his petition for a writ of habeas corpus, 28 U.S.C. § 2254.

Because we agree with the district court that Shelton's ineffective assistance of

counsel claims are time-barred, and his remaining claims fail to make a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

"substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Shelton received five consecutive life sentences for Felony Murder in the First Degree, two counts of Kidnapping for the Purpose of Extortion, Rape in the First Degree, and Forcible Oral Sodomy. Shelton brought a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), raising various trial errors and a claim of ineffective assistance of trial counsel. The OCCA affirmed the trial court on all claims. See Shelton v. State, 793 P.2d 866 (Okla. Crim. App. 1990).

According to Shelton, from 1991 to 1995 his eyesight was impaired due to problems stemming from diabetes. In addition, in 1995 he was transferred to a private prison where he had to depend upon an attorney fifty miles away who was responsibile for over 2,000 other inmates. On May 9, 2000, Shelton filed a post-conviction relief application in state district court. The state district court denied the application and was subsequently affirmed by the OCCA on December 19, 2000.

On February 2, 2001, Shelton filed a petition for a writ of habeas corpus in the United States District Court, claiming: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) denial of an adequate state corrective process of his constitutional claims. The district court assigned the case to a magistrate judge, who ordered Shelton to show cause why

the action should not be summarily dismissed based upon the statute of limitations and the unavailability of habeas relief for defects in a state's post-conviction procedures. After receiving Shelton's response, the magistrate judge issued a Report and Recommendation, concluding that the ineffective assistance of trial and appellate counsel claims should be considered time-barred and that the remaining claim was invalid as a matter of law. The magistrate therefore recommended that the district court dismiss the action summarily. After consideration of Shelton's objections, the district court adopted the Report and Recommendation and dismissed the petition.

On appeal, Shelton raises the following claims: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; (3) error on the part of the district court and magistrate judge in their findings and conclusions leading to dismissal of his petition for untimeliness; and (4) the district court abused its discretion by not holding an evidentiary hearing regarding his failure to comply with the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") added a one-year statute of limitations in habeas actions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The magistrate judge noted that only § 2244(d)(1)(A)—providing for measurement of the statute of limitations from the date on which the state judgment became final by the conclusion of direct

review—applied in Shelton's case. Because final judgment occurred in Shelton's case in August of 1990, the magistrate judge concluded correctly that the statute of limitations began running on the effective date of the AEDPA, April 24, 1996. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Even given this grace period, however, Shelton still filed his petition well beyond the April 23, 1997 deadline. The magistrate judge then analyzed whether equitable tolling might apply in Shelton's case, but determined that in the absence of either a claim of actual innocence or an adequate showing of an impediment to his ability to bring his petition in federal court, Shelton had failed to raise an "extraordinary circumstance" meriting equitable tolling. See id. (discussing the possible circumstances that might merit equitable tolling).

We agree with the magistrate judge's conclusion that Shelton's claim that his impaired eyesight prevented him from filing his petition does not justify equitable tolling. Shelton himself claims his eyesight was only impaired until 1995, thus providing him with ample time to have met the April 23, 1997 deadline. Further, Shelton's claim that the private prison to which he was transferred contained inadequate materials to prepare his petition belies the fact that his habeas claims are quite similar to his claims for state post-conviction relief. See id. (rejecting similar argument where state appeal claims were nearly identical to habeas claims). The district court properly rejected Shelton's request

- 4 -

for an evidentiary hearing on the issue because, even if we assume all of Shelton's allegations are true, his case would still not compel us to consider it as meriting equitable tolling.

Accordingly we DENY Petitioner's request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge