**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DERRICK C. WARE,

      Petitioner - Appellant,

v.

LENORA JORDAN,

      Respondent - Appellee.

No. 02-6016
D.C. No. CIV-00-1871-L
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Derrick C. Ware's *pro se* request for a certificate of appealability ("COA"). Ware seeks a COA so he can appeal the district court's dismissal of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA).

Ware was convicted in Oklahoma state court of robbery with firearms and sentenced to 100 years' imprisonment. Ware's conviction was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on August 31, 1994. A corrected order was issued by the OCCA on December 2, 1994. Ware's application for post-conviction relief, filed with the state court on September 30, 1998, was denied. [1]

Ware filed his § 2254 petition on October 25, 2000. Because Ware's state conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), his § 2254 petition should have been filed prior to April 24, 1997. *See Adams v. LeMaster*, 223 F.3d 1177, 1180 (10th Cir. 2000) (reiterating that a state prisoner generally has one year from the effective date of the AEDPA to file a § 2254 habeas petition). On November 15, 2000, the district court ordered Ware to show cause why the petition should not be dismissed as

---

[1]Nothing in the record conclusively indicates whether Ware appealed the denial of his application for post-conviction relief. The issue, however, is irrelevant to the disposition of Ware's § 2254 petition.

untimely. Ware filed a response to the order to show cause arguing first that his petition was timely filed pursuant to 28 U.S.C. § 2241(d)(1)(D). Ware also asserted that the limitations period should be equitably tolled because of extraordinary circumstances and because he is actually innocent of the charges of which he was convicted.

The magistrate judge prepared a comprehensive Report and Recommendation addressing each of Ware's arguments. The magistrate judge first concluded that Ware's § 2254 petition was not timely under 18 U.S.C. § 2244(d)(1)(D) because Ware was aware of the factual predicate for the claims raised in the petition no later than March 1993. The magistrate judge also noted that Ware's state application for post-conviction relief could not toll the AEDPA limitations period because it was filed after the limitations period expired. The magistrate judge then considered Ware's assertion that the limitations period should be equitably tolled because Oklahoma prison officials took away his "legal work." The magistrate accepted Ware's factual assertions as true and noted that Ware's § 2254 petition was untimely even if the limitations period was equitably tolled during the time he was denied access to his legal work. The magistrate judge also considered the other bases for equitable tolling asserted by Ware and concluded that none constituted an extraordinary circumstance that

warranted equitable tolling. Finally, Ware's conclusory allegation of actual innocence was insufficient to entitle him to equitable tolling.

After considering Ware's objections to the Report and Recommendation, the district court adopted the magistrate's recommendation and dismissed Ware's petition. The court also denied Ware's request for a COA. Before he is entitled to a COA from this court, Ware must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ware may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

This court has reviewed Ware's application for a COA, his appellate brief, and the entire record on appeal. That *de novo* review clearly demonstrates the district court's dismissal of Ware's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. [2] Accordingly, this court **denies** Ware's request for a COA for substantially those reasons set forth in the magistrate judge's Report and Recommendation dated

---

[2]Ware's application for a COA could be construed to contain an argument that he should be allowed to proceed under 28 U.S.C. § 2241 if he is foreclosed from proceeding under § 2254 because of the limitations period. We are convinced, however, that this case presents no circumstances where the limitations period "raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

December 19, 2000 and the district court's order dated January 2, 2002, and

**dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge