**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER CLEON DAVISON,

      Petitioner-Appellant,

v.

ROBERT D. HANNIGAN, Warden,
Hutchinson Correctional Facility, and
CARLA STOVALL, Attorney General,
State of Kansas,

      Respondents-Appellees.

No. 05-3000
(D.C. No. 03-CV-3200-SAC)
(D. Kan.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Roger Davison, a state prisoner proceeding pro se*,* requests a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas corpus

petition.  For substantially the same reasons set forth by the district court, we

**DENY** Davison's request for a COA and **DISMISS**.

Following Davison's appeal of his convictions for aggravated indecent

liberties, Davison's conviction became final on February 9, 2000 upon the

expiration of his time for filing a Petition for Certiorari with the United States

Supreme Court.  The one-year statute of limitations for filing a federal habeas

petition under § 2254 began to run at this time. On August 2, 2000, after 173 days of the limitations period elapsed, Davison filed a state post-conviction review motion under Kan. Stat. Ann. § 60-1507 challenging his convictions. This filing tolled the habeas statute of limitations until the Kansas Supreme Court denied review on May 1, 2002, leaving Davison with 192 days remaining in his habeas limitations period set forth in 28 U.S.C. § 2244(d)(1). Davison did not file the instant § 2254[1] petition in federal district court until 356 days later. Finding that the statute of limitations period had elapsed, the district court rejected Davison's claim for equitable tolling based on an alleged deprivation of access to his legal papers. After reviewing the record, we agree that Davison has failed to demonstrate either that extraordinary circumstances beyond his control prevented him from filing his petition on time, or that he diligently pursued his

---

[1] Davison's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Adams v. Lemaster, 223 F.3d 1177, 1179 (10th Cir. 2000). Because the district court denied Davison a COA, he may not appeal the district court's decision absent a grant of COA by this court.

claims throughout the period that he seeks to toll. <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).

Accordingly, Davison's application for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge