FILED
United States Court of Appeals
Tenth Circuit

May 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

Torey Ray Mayberry,

     Petitioner-Appellant,

v.

Hector Rios, Warden,

     Respondent-Appellee.

No. 13-6277
(D.C. No. 5:13-cv-01055-W)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DISMISSING APPEAL**
_____

Before **KELLY, BALDOCK,** and **BACHARACH,** Circuit Judges.
_____

Torey Ray Mayberry, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. Mayberry also asks to proceed _in forma pauperis_. We deny Mayberry's application for a certificate of appealability, deny his motion for leave to proceed on appeal _in forma pauperis_ as moot, and dismiss his appeal.

Mayberry pled guilty to, among other things, various controlled substance offenses, and the state court entered judgment against him on March 21, 2011. He never moved to withdraw his guilty plea or to appeal. Mayberry did, however, file a number of post-conviction letters and motions with the state court. All of his state motions for post-conviction relief were denied. Mayberry eventually filed a habeas petition in federal

court, under 28 U.S.C. § 2254, on September 13, 2013. The magistrate recommended dismissing Mayberry's claims related to his underlying convictions as barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Mayberry objected to the magistrate's Report and Recommendation arguing, among other things, that the magistrate used the wrong dates to calculate the tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2). The district court, without acknowledging Mayberry's specific objections, adopted the magistrate's Recommendation.

In requesting we issue a COA, Mayberry argues his claims related to his underlying convictions are timely for two reasons. First, he argues the magistrate used an incorrect date to calculate the statutory tolling of his one-year statute of limitations under 28 U.S.C. § 2244, an error he claims the district court ignored. Second, he argues he is entitled to equitable tolling for the period during which he was incarcerated at a jail with no legal library.

In determining whether to issue a COA when the district court denies a habeas petition on procedural grounds, as it did here, we must decide whether the petitioner has made a substantial showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). Because neither of Mayberry's procedural arguments presents a debatable question of whether the district court's procedural dismissal was correct, we decline to issue the COA Mayberry requests.

Mayberry is entitled to statutory tolling while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2254(d)(2). Mayberry's statutory tolling argument focuses on one particular application for State post-conviction relief. Mayberry's original federal habeas petition stated, and the magistrate accepted, that he had properly filed a state application on March 21, 2012, which triggered a statutory tolling period. After the magistrate nevertheless found his petition was time-barred under § 2244(d)(1), Mayberry then argued he had been mistaken and objected to using the March 21 date. Instead, he claimed he had the triggered statutory tolling period on January 20, 2012, when he filed a letter with the state court which he claims requested the post-conviction ultimately sought in his March 21 motion. Mayberry claimed that he was therefore entitled to an extra 60 days of tolling which, for procedural reasons not relevant here, might have ultimately rendered his habeas petition timely. Mayberry included in the record a state docket sheet which showed he had indeed filed a letter with the state court on January 20. The district court did not address this objection when it adopted the magistrate's Recommendation.

Although the district court should have at least acknowledged Mayberry's objection on this point, this objection, in light of the record before us, is not enough to create a reasonable debate over whether the district court's procedural ruling was ultimately correct. Mayberry never made his January 20 letter a part of the record. After *sua sponte* requesting a copy of the letter from the state court and supplementing the record on appeal with it, we understand why. Even liberally construed, the letter simply requests documents, and nothing more. Because Mayberry's January 20 letter cannot be

construed as an application for State post-conviction or other collateral review, his argument does not warrant any further statutory tolling.

Mayberry's second argument—that he had insufficient library access—must also fail because allegations regarding insufficient library access, standing alone, do not warrant equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (finding that lack of access to case law does not warrant equitable tolling).

For these reasons, we DENY Mayberry's motion for a certificate of appealability, DENY his motion to proceed *in forma pauperis* as moot, and DISMISS his appeal.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge