FILED
United States Court of Appeals
Tenth Circuit

June 13, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD NEWSON, III,

                Petitioner - Appellant,

v.

ATTORNEY GENERAL OF
KANSAS,

                Respondent - Appellee.

No. 13-3316
(D.C. No. 5:13-CV-03187-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

Petitioner, Edward Newson, III, a Kansas state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254.[1] *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

On August 28, 1991, Newson pleaded guilty in Kansas state court to one count of indecent liberties with a child. He received a suspended sentence which was revoked on June 25, 1996. At that time, he was sentenced to an

---

[1]Newson's request to proceed *in forma pauperis* is **granted**.

indeterminate term of five to twenty years' imprisonment, but he was granted probation. Newson's probation was revoked on February 12, 1997, and he began serving his sentence.

On February 21, 1997, Newson filed a motion to modify his sentence. That motion was denied on March 3, 1997. On August 6, 1997, Newson filed a motion for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. That motion was denied on November 6, 1997, and the Kansas Supreme Court affirmed the denial on December 11, 1998. Thereafter, Newson filed six additional motions, seeking to have his sentenced modified and seeking to withdraw his guilty plea. All were denied.

Newson filed his federal habeas corpus action on October 22, 2013. The district court raised the issue of timeliness *sua sponte* and ordered the parties to file briefs addressing the matter. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). After considering the parties' arguments, including the detailed statement of the procedural history provided by Respondent, the district court concluded Newson's § 2254 petition was filed outside the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (holding prisoners whose state convictions became final prior to the enactment of the AEDPA have one year from April 24, 1996, to file a federal habeas petition). The

district court concluded the one-year statute of limitations period expired no later than May 14, 1997, and was not statutorily tolled while Newson's § 60-1507 motion was pending in state court because he did not first seek that relief until after the limitations period had already expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). The court further concluded Newson failed to identify any circumstances that would support the equitable tolling of the limitations period. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, the court dismissed Newson's § 2254 petition as untimely.

To be entitled to a COA, Newson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

This court has reviewed Newson's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Newson is not entitled to a COA. In his appellate brief, Newson has presented no argument

that the district court miscalculated the one-year period.  Further, the record establishes Newson has failed to demonstrate any circumstance that justifies equitable tolling.  Thus, it is clear the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period.

The district court's resolution of Newson's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings.  Accordingly, Newson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).  This court **denies** Newson's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge