**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEFFREY S. COLLIER,

      Petitioner - Appellant,

v.

RAY ROBERTS; ATTORNEY
GENERAL FOR THE STATE OF
KANSAS,

      Respondents - Appellees.

No. 16-3020
(D.C. No. 5:15-CV-03281-SAC-DJW)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Jeffrey Collier petitions this court for a Certificate of Appealability ("COA")
to challenge the denial of his 28 U.S.C. § 2254 habeas petition. Because Collier's
petition is time-barred, we deny a COA and dismiss the appeal.

**I**

In 1994, Collier was convicted of premeditated first-degree murder, felony
murder, and aggravated robbery. In 2000, he filed a petition for post-conviction
relief in Kansas state court alleging ineffective assistance of counsel. The petition
was denied on all grounds. In 2013, Collier filed another petition for post-conviction

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relief, which was also denied. On December 28, 2015, Collier filed a § 2254 habeas petition in federal district court. A magistrate judge recommended that the petition be dismissed on the grounds that it was time-barred under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. See § 2244(d). The district court adopted the recommendation, dismissed the petition, and denied a COA.

## II

When a district court denies a COA on a procedural ground, we grant relief only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). AEDPA establishes a one-year limitations period for filing federal habeas corpus petitions. § 2244(d). However, equitable tolling is available if a petitioner: (1) is actually innocent; (2) shows that extraordinary circumstances prevented the petitioner from timely filing the petition; or (3) actively pursued legal remedies within the time limit, but filed a defective pleading. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Collier does not dispute that § 2244 applies to his petition, rendering it untimely. See § 2244(d). And Collier makes no argument that would justify equitable tolling. He does not argue that new evidence suggests he was actually innocent, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), nor does he allege that extraordinary circumstances prevented timely filing or that he actively pursued his judicial remedies but filed a defective pleading during the statutory period, see

2

<u>Gibson</u>, 232 F.3d at 808. Even with the liberal construction afforded to Collier's pro se pleadings, it is not the job of the court to assume the role of advocate for a pro se litigant and to create arguments on his behalf. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III

Because Collier makes no showing from which to conclude that the district court erred in its procedural ruling, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge